UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TROYLETTE BURTON, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MOISES FONSECA, *et al.*, <br><br> Defendants. | Case No. 3:20-CV-00190-ART-CLB <br><br> **ORDER DENYING MOTION TO EXTEND TIME AND DENYING AS MOOT MOTION FOR LEAVE TO FILE SUR-REPLY** <br><br> [ECF Nos. 79, 82] |

    This case involves a civil rights action filed by Plaintiffs Troylette Burton, individually and as Administrator of the Estate of Thayer Joseph Burton, and Thayer Burton (collectively referred to as "Plaintiffs") against Defendants Moises Fonseca, Robert Smith, and Isidro Baca (collectively referred to as "Defendants"). Currently pending before the Court is Defendants' motion for extension of time to file a rebuttal expert report. (ECF No. 79.) Plaintiffs opposed the motion, (ECF No. 80), and Defendants replied (ECF No. 81). Plaintiffs also filed a motion for leave to file a sur-reply. (ECF No. 82.) For the reasons discussed below, the motion to extend time, (ECF No. 79), is denied and the motion for leave to file sur-reply, (ECF No. 82), is denied as moot.

**I.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

    Plaintiffs commenced this action on March 25, 2020, by filing a civil rights complaint ("Complaint") under 42 U.S.C. § 1983. (ECF No. 1.) The Complaint alleges violations for failure to protect under the Eighth Amendment and wrongful death under Nevada State law based on Thayer Joseph Burton ("Decedent") being stabbed to death by a fellow inmate. (*Id.*)

    On June 4, 2020, Defendants Baca and Smith filed their answer in this case. (ECF No. 11.) On July 23, 2020, Defendant Fonseca filed a joinder to the answer. (ECF No. 17.) On July 30, 2020, the parties submitted a proposed discovery plan and scheduling order ("DPSO"), (ECF No. 18), which the Court granted, (ECF No. 19). The DPSO set the

discovery deadline for January 26, 2021. (ECF No. 19.)

On January 25, 2021, the Court held a case management conference with the parties and directed counsel to meet and confer and file a second DPSO. (ECF No. 31.) The parties submitted their motion to amend the original DPSO on January 28, 2021. (ECF No. 32.) The Court granted the motion and amended the DPSO and set the discovery deadline to July 26, 2021. (ECF No. 33.)

On March 23, 2021, Plaintiffs' counsel filed a motion to withdraw as attorney, which was granted. (ECF Nos. 38, 40.) The Court stayed all deadlines for 45 days—until May 24, 2021—to allow Plaintiffs to obtain new counsel. (ECF No. 40.) New counsel made their notice of appearances on May 24, 2021, and May 27, 2021, respectively. (ECF Nos. 43, 45.) On June 1, 2021, the Court held a status conference with the parties and directed counsel to meet and confer and file a third DPSO. (ECF No. 46.) The Court granted the parties' stipulation to extend the DPSO and set the discovery deadline for June 2, 2022. (ECF No. 48.)

On March 30, 2022, the parties submitted a *fourth* request to extend discovery. (ECF No. 59.) On April 4, 2022, the Court held a hearing on the stipulation and ordered the parties to submit an amended DPSO calculating deadlines 120 days from the current discovery deadline. (ECF No. 61.) The Court granted the amended DPSO and set discovery deadline for October 3, 2022. (ECF No. 65.)

On July 25, 2022, the parties submitted a *fifth* stipulation for extension of the DPSO. (ECF No. 74.) The Court held a hearing on the stipulation and ultimately gave the parties 180 days from August 1, 2022, to complete discovery. (ECF No. 76.) The Court was explicit that **_no further extensions of time would be granted_**. (*Id.*) (emphasis added.) Thus, on August 2, 2022, the Court entered the fifth amended DPSO, setting the discovery deadline for March 24, 2023. (ECF No. 78.) Additionally, the fifth amended DPSO, (ECF No. 78), set the initial expert disclosures for January 23, 2023 and rebuttal expert disclosures for February 22, 2023. (*Id.* at 3.) On February 22, 2023, Defendants filed the instant motion to extend time to file their rebuttal expert report. (ECF No. 79.)

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 16(b)(4) governs the modification of scheduling orders and discovery plans. Fed. R. Civ. P. 16(b)(4) provides that "[a] schedule may be modified only for good cause and with the judge's consent." The good cause inquiry focuses primarily on the movant's diligence. *DRK Photo v. McGraw-Hill Global Educ. Holdings, LLC*, 870 F.3d 978, 989 (9th Cir. 2017).

Local Rule 26-3 supplements Fed. R. Civ. P. 16 and provides that discovery plans and scheduling orders may be modified for good cause, provided that a motion to extend is made "no later than 21 days before the expiration of the subject deadline." *See* LR 26-3; *see also* LR IA 6-1. "Good cause" is a non-rigorous standard that has been construed broadly across procedural and statutory contexts. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). Requests for extensions of time made before the applicable deadline has passed should "normally ... be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party." *Id.* (*citing* 4B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1165 (3d ed. 2004)).

Moreover, pursuant to Local Rule 26-3, any request made after this 21-day period will only be granted if "the movant also demonstrates that the failure to act was the result of excusable neglect." LR 26-3. "Excusable neglect" is a flexible, equitable concept, but "inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect." *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 931 (9th Cir. 1994) (citing *Pioneer Inv. Servs. v. Brunswick Assocs.*, 507 U.S. 380, 391-92 (1993)).

In determining whether neglect is excusable, the Court must consider the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223-24 (9th Cir. 2000) (internal quotations omitted) (citing *Pioneer*, 507 U.S. at 395). The Court should "take into account all the relevant circumstances" when considering these factors. *Cap.*

*One, Nat'l Ass'n v. SFR Inv. Pool 1, LLC*, No. 2:17-cv-00604-RFB-NJK, 2020 WL 6271199 at *4 (D. Nev. Oct. 26, 2020); *see also Pioneer*, 507 U.S. at 395.

### III. DISCUSSION

Here, Defendants request an extension to file their rebuttal expert report. (ECF No. 79). This request, which seeks to extend dates as set by the scheduling order, was received the day the rebuttal expert report was due. Under the operative DPSO, (ECF No. 78), rebuttal expert disclosures were due on February 22, 2023. Thus, any request to extend the rebuttal expert disclosure deadline would have needed to be made by no later than February 1, 2023. Because Defendants filed their motion on the due date, the motion may only be granted if the Court finds: (1) good cause to grant the extension; and (2) excusable neglect for the failure to request the extension sooner. *See* LR 26-3; LR IA 6-1.

Defendants' motion asserts that counsel contacted several sources of information regarding the type of expert witness necessary to rebut Plaintiffs' initial expert report but had difficulty finding someone who could prepare the report in the given timeframe. (ECF No. 79 at 2.) Defendants assert that their request is timely, will not hinder or prejudice Plaintiffs' case, and that requisite good cause and extenuating circumstances warrant the requested extension. (*Id.* at 3.) These arguments lack merit.

The DPSO in this case has been amended on ***five*** separate occasions. (*See* ECF Nos. 19, 33, 48, 65, 78.) In June 2021, after new counsel made their appearances, the Court gave the parties an additional ***365 days*** to complete discovery and indicated that no further extensions of discovery would be granted, absent extraordinary circumstances. (ECF No. 48.) Despite this generous extension and admonition from the Court, the parties requested two further extensions after this date—one for 120 days and one for 180 days. (*See* ECF Nos. 65, 78.) When the parties requested their extension in April 2022, Plaintiffs explained that Defendants had failed to provide documents necessary for Plaintiffs' expert's review in time for the expert report deadline and had no choice but to request an extension. (ECF No. 64.) At that time, the Court ***again*** indicated that ***no further***

***extensions would be granted, absent extraordinary circumstances***. (ECF No. 65.)

In July 2022, the parties submitted their final request to extend discovery. (ECF No. 74.) Plaintiffs represented that documents they had been requesting since June 2021 were received by Plaintiffs' counsel on or about May 23, 2022, and the documents were necessary for their expert's review. (*Id.*) Therefore, the parties requested additional time to complete depositions, and provide the transcripts to their expert in preparation for expert reports. (*Id.*) The Court granted the request and ***again advised the parties that no further extensions of time would be granted in this case.*** (*See* ECF Nos. 76, 78.)

Defendants' claim that they now need even more time to disclose their rebuttal expert is inexcusable, and their bare assertions and conclusory statements that good cause exists are insufficient. Defendants have had ample opportunity to find an expert in this case. The Court does not find that Defendants assertion that they had difficulty finding an expert to constitutes good cause. This case does not involve complicated legal or factual issues that would necessitate such a delay in finding an expert—rebuttal or otherwise. It consists of basic Eighth Amendment failure to protect and Nevada State law wrongful death claims. There is no reason Defendants could not have found an expert in this area within the time-frame—especially given the extensive deadlines that have already been granted in this case. Thus, there has not been a showing of good cause to warrant yet another extension.

Further, Defendants have not shown excusable neglect. In determining whether neglect is excusable, the Court must consider the following factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. *See Bateman*, 231 F.3d at 1223-24 (citing *Pioneer*, 507 U.S. at 395). As discussed above, this case has been pending for three years, with multiple discovery extensions—most of which were due to Defendants' lack of cooperation in the discovery process, in particular in relation to experts. The Court finds that further delaying this case is prejudicial to Plaintiffs and cannot find that Defendants' request is made in good faith given the

incredible amount of leeway that has already been given to the parties with respect to discovery.

For all these reasons, the Court finds that Defendants have failed to establish good cause or excusable neglect as required, and thus, the motion is denied. Additionally, because the Court is denying the motion, Plaintiffs' motion for leave to file sur-reply is denied as moot.

## IV. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendants' motion to extend time, (ECF No. 79), is **DENIED**.

**IT IS FURTHER ORDERED** that the Plaintiffs' motion for leave to file sur-reply, (ECF No. 82), is **DENIED as moot**.

**DATED**: March 30, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**