UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TROYLETTE BURTON, *et al.*,<br><br>　　　　　　　　　　Plaintiffs,<br>　v.<br>MOISES FONSECA, *et al.*,<br><br>　　　　　　　　　　Defendants. | Case No. 3:20-cv-00190-ART-CLB<br><br>AMENDED ORDER |

Plaintiffs Troylette Burton, Thayer Burton, and Troylette Burton as Administrator of the Estate of Thayer Joseph Burton (collectively referred to as "Plaintiffs") brings this action under 42 U.S.C. § 1983. Before the Court is the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge Carla Baldwin (ECF No. 93), recommending the Court deny both Defendants' motion for summary judgment, (ECF No. 84), and Plaintiffs' motion for summary judgment, (ECF No. 85). Parties had until June 23, 2023 to file an objection. To date, no objection to the R&R has been filed. For this reason, and as explained below, the Court adopts the R&R, and will dismiss both motions for summary judgment.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis

in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

Because there is no objection, the Court need not conduct de novo review, and is satisfied Judge Baldwin did not clearly err. Here, Judge Baldwin recommends the Court deny both parties' motions for summary judgment. With regards to Count I: Eighth Amendment Failure to Protect, there are genuine issues of material fact as to whether Defendants failed to take reasonable steps to protect Burton from attack by Rowland, so Judge Baldwin recommends the Court deny both motions for summary judgment. (ECF No. 93 at 9-10). Concerning Count II: Eighth Amendment Supervisory Liability, Judge Baldwin found that genuine issues of material fact exist as to whether Baca appropriately allowed Rowland to be housed in general population, and thus she recommends the Court deny both motions for summary judgment. (ECF No. 93 at 10). Judge Baldwin also recommends maintaining supplemental jurisdiction over the state law claims (Counts III and IV) because there are genuine issues of material fact as to the federal claims. (ECF No. 6 at 11-12). With regards to qualified immunity, Judge Baldwin determined that the right of inmates to be protected from violence at the hands of inmates is clearly established, so she held that Defendants are not entitled to qualified immunity as to the Eighth Amendment failure to protect claim. (ECF No. 93 at 13). The Court agrees with Judge Baldwin. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Baldwin's Report and Recommendation (ECF No. 93) is accepted and adopted in full.

It is further ordered that Defendants' motion for summary judgment, (ECF No. 84), is denied.

It is further ordered that the Plaintiffs' motion for summary judgment, (ECF No. 85), is denied.

DATED THIS 21st Day of July 2023.

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE